| | |
|---|---|
| 1 | Nicholas A. Brown (SBN 198210) |
| 2 | GREENBERG TRAURIG, LLP<br>153 Townsend Street, 8th Fl. |
| 3 | San Francisco, CA 94107<br>Telephone: (415) 655-1300 |
| 4 | Facsimile: (415) 707-2010<br>Email: brownn@gtlaw.com |
| 5 | Attorneys for Plaintiff |
| 6 | Tagged, Inc. |



FILED
DEC 23 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
ORIGINAL DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

Tagged, Inc.,

    Plaintiff,

    v.

Fotomedia Technologies, LLC

    Defendant.

CASE NO. _____

**COMPLAINT FOR DECLARATORY JUDGMENT**

**DEMAND FOR JURY TRIAL**

Plaintiff Tagged Inc.'s ("Tagged") brings this action for declaratory judgment against Defendant Fotomedia Technologies LLC ("Fotomedia") and alleges as follows:

## PARTIES

1. Tagged is a corporation existing under the laws of Delaware, with a principal place of business at 110 Pacific Avenue, San Francisco, California 94111.

2. On information and belief, defendant FotoMedia is a Delaware limited liability company having a place of business at 155 Fleet Street, Portsmouth, New Hampshire 03801.

## JURISDICTIONAL STATEMENT

**Jurisdiction**

3. This is a declaratory judgment action for patent non-infringement arising under the patent laws of the United States, Title 35, United States Code, Section 100 et seq. This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4. An actual, substantial and continuing justiciable controversy exists between Tagged and Fotomedia based on Fotomedia having previously filed a complaint for patent infringement against Tagged and other defendants in the action titled Fotomedia Technologies LLC v. Facebook Inc. et al., United States District Court for the District of Delaware, Civil Action No. 1:11-cv-00826-MMB (the "Facebook Action"). In the Facebook Action, Fotomedia alleged that Tagged infringed U.S. Patent Nos. 6,058,399 ("the '399 patent"), 6,324,545 ("the '545 patent"), 7,287,088 ("the '088 patent"), 7,587,514 ("the '514 patent"); and RE41,210 ("the '210 patent") (collectively, the "Facebook Action Patents"). Copies of these patents are attached hereto as exhibits A through E.

5. On December 22, 2011, Fotomedia dismissed the Facebook Action with respect to Tagged. The dismissal was without prejudice.

6. Fotomedia did not provide any explanation for the dismissal, and Fotomedia and Tagged have not reached a resolution of the dispute created by Fotomedia's initiation of the Facebook Action against Tagged.

7. Tagged requires a declaration by this Court of its rights with respect to Fotomedia's allegations that Tagged infringed the Facebook Action Patents.

8. This Court has personal jurisdiction over Fotomedia based on Fotomedia's presence in California and continuous and systematic contacts with California. On information and belief, Fotomedia—both directly and through its parent company, Scenera Research LLC—has been pursuing licensing activities and enforcement activities in California and, specifically, in the Northern District of California, since at least 2007. In 2007 Fotomedia asserted a number of patents, including patents related to one of the patents Fotomedia asserted in the Facebook Action, against several companies that are located in the Northern District of California, including for example Yahoo! Inc., and Shutterfly, Inc. Fotomedia's assertion of patents against companies that are located in the Northern District of California is shown, for example, by the proceedings and records in two cases filed in the Eastern District of Texas, Case Nos. 2:07-cv-00255 and 2:07-cv-00256. Fotomedia's assertion of patents against companies that are located in the Northern District of California is also shown by the Facebook Action. Upon information and belief, Fotomedia has met, attempted to do business with, and/or done business with, including in some instances by reaching patent licensing arrangements with, companies that are located in the Northern District of California, including Yahoo! Inc., Shutterfly Inc., Facebook Inc., and Tagged.

**Venue**

9. Venue is proper within this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

**Intradistrict Assignment**

10. This action arises in San Francisco County because a substantial part of the events giving rise to the claim occurred in San Francisco County. Pursuant to Civil Local Rule 3-2, the action is properly assigned to the San Francisco Division of the Northern District of California.

## TAGGED's CLAIMS FOR RELIEF

11. Apple repeats and re-alleges each and every allegation of paragraphs 1 through 10 above, and incorporates them by reference as if fully set forth herein.

12. On information and belief, Fotomedia claims to be the owner of all right, title and interest in the '399 patent, the '545 patent, the '088 patent, the '514 patent, and the '210 patent.

13. Fotomedia previously filed a complaint in the Facebook Action against Tagged alleging that Tagged directly infringed and/or induced infringement and/or contributed to the infringement of the '399 patent, the '545 patent, the '088 patent, the '514 patent, and the '210 patent.

14. Tagged has not directly infringed, induced infringement, or contributed to the infringement of any valid claims of the '399 patent, the '545 patent, the '088 patent, the '514 patent, and the '210 patent.

15. An actual case or controversy exists between Tagged and Fotomedia based on Fotomedia's previously-filed complaint against Tagged in the Facebook Action.

16. Tagged has been injured and damaged by Fotomedia's accusations of infringement.

17. Declaratory relief is appropriate and necessary to establish that Tagged has not directly or indirectly infringed any valid claims of the '399 patent, the '545 patent, the '088 patent, the '514 patent, or the '210 patent.

18. Pursuant to 28 U.S.C. §§ 2201, et seq., Tagged requests a declaratory judgment that it does not infringe any valid claims of the '399 patent, the '545 patent, the '088 patent, the '514 patent, or the '210 patent.

## RELIEF

WHEREFORE, Tagged hereby requests that this Court:

a. Render judgment declaring that Tagged has not infringed, and is not infringing, any valid claims of the '399 patent, the '545 patent, the '088 patent, the '514 patent, or the '210 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

      b.      Award Tagged its fees and costs, including attorneys fees, pursuant to 35 U.S.C. § 285; and

      c.      Award Tagged such other and additional relief as this Court deems just and proper.

## JURY DEMAND

Tagged, Inc. requests a trial by jury on all issues so triable.

Dated: December 23, 2011

Respectfully submitted,

By: _____

Nicholas A. Brown (SBN 198210)
GREENBERG TRAURIG LLP
153 Townsend Street, 8th Floor
San Francisco, California 94107
Tel. (415) 655-1300
Fax. (415) 707-2010
brownn@gtlaw.com

Attorneys for Plaintiff,
Tagged Inc.